UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00677-GNS

THEOPHILUS AMOAH                                                                           PLAINTIFF

v.

MERRICK GARLAND et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 7), Plaintiff's Motion for Leave to File Affidavit in Support of Proof of Services of Summons Out of Time ("Motion for Leave") (DN10), Plaintiff's Amended Motion for Leave to File Affidavit in Support of Proof of Services of Summons ("Amended Motion for Leave") (DN 11), and Plaintiff's Motion for Oral Argument (DN 17).[1] The motions are ripe for adjudication. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**, Plaintiff's Motion for Oral Argument is **DENIED**, and Plaintiff's Motion for Leave and Amended Motion for Leave are **DENIED AS MOOT.**

### I.     BACKGROUND

Plaintiff is a citizen of Ghana who resides in Louisville, Kentucky. (Compl. ¶ 19, DN 1). Plaintiff arrived in the United States at a port of entry seeking relief as a refugee/asylee. (Compl.

---

[1] In Plaintiff's response to Defendants' dispositive motion, Plaintiff requests an oral argument, which Defendants oppose. (Pl.'s Resp. Defs.' Mot. Dismiss 21, DN 17; Defs.' Resp. Pl.'s Mot. Oral Arg. 1, DN 26). "[D]istrict court[s] may decide to forego oral argument on motions for any number of sound judicial reasons." *Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.*, 975 F.2d 300, 301 n.1 (6th Cir. 1992). "Many times the legal issues are abundantly clear and so firmly settled so as to make oral argument completely unnecessary." *Id.* The issues raised in Defendants' motion have been adequately briefed by the parties such that this case does not present a need for oral argument. Accordingly, Plaintiff's request for oral argument is denied.

1

¶ 26). Plaintiff was detained at the port of entry and placed in removal proceedings, was designated as an "arriving alien." (Compl. ¶¶ 27-28). While in removal proceedings, Plaintiff married his wife, a United States citizen, who filed a form I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services ("USCIS"). (Compl. ¶ 29). Plaintiff filed a form I-485 Application to Register Permanent Residence or Adjust Status. (*See* Compl. Ex. C, at 1, DN 1-4).

USCIS initially asserted that it did not have jurisdiction over Plaintiff's application for adjustment of status. (Compl. Ex. C, at 1). USCIS ultimately exercised jurisdiction over Plaintiff's application and issued a notice of intent to deny, stating that Plaintiff had not submitted proof that he was "inspected and admitted or paroled into the United States . . . ." (Compl. Ex. D, at 1, DN 1-5). Plaintiff responded to USCIS's notice, and after some back and forth, USCIS ultimately denied Plaintiff's application for adjustment of status, finding that Plaintiff failed to submit proof that he had been inspected and admitted or paroled and was therefore ineligible for adjustment of status. (Compl. Ex. E, DN 1-6; Compl. Ex. F, DN 1-7; Compl. Ex. G, DN 1-8, Compl. Ex. H, at 1, DN 1-9). Plaintiff then initiated this lawsuit seeking a writ of mandamus (Count One) and asserting a claim under the Administrative Procedure Act (Count Two). (Compl. ¶¶ 43-49).

## II.     STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[]," accepting all of the plaintiff's allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, a plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff satisfies this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). A complaint falls short if it pleads facts that are "merely consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 678-79 (internal quotation marks omitted) (citations omitted). The allegations must "show[] that the pleader is entitled to relief." *Id.* at 677-78 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Fed. R. Civ. P. 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case . . . ." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "Congress determines the subject matter jurisdiction of the lower federal courts 'in the exact degrees and character which to Congress may seem proper for the public good.'" *GTE S., Inc. v. Breathitt*, 963 F. Supp. 610, 612 (E.D. Ky. 1997) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 433 (1989)).

### III.  DISCUSSION

#### A.  Count One: Mandamus

Defendants move to dismiss Count One of the Complaint, which seeks a writ of mandamus, alleging that "Defendants have a nondiscretionary duty to adjudicate Plaintiff's Application for Adjustment of status in accordance with existing law and regulations." (Defs.' Mot. Dismiss 9-10; Compl. ¶ 45 (emphasis omitted)). Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

"Mandamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *In re King's Daughter's Health Sys., Inc.*, 31 F.4th 520, 525 (6th Cir. 2022) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). "Because the writ of mandamus 'is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue.'" *Id.* at 525 (quoting *Cheney*, 542 U.S. at 380). "First, a petitioner must 'have no other adequate means to attain the relief [it] desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.'" *Id.* at 525-26 (alteration in original) (quoting *Cheney*, 542 U.S. at 380-81). "Second, a petitioner must show a 'clear and indisputable' right to the relief sought." *Id.* at 526 (quoting *Cheney*, 542 U.S. at 381). In general, this second condition requires that the "defendant owe[] the plaintiff a clear nondiscretionary duty that it has failed to perform." *Arya v. U.S. Citizenship & Immigr. Servs.*, 345 F. App'x 993, 994 (6th Cir. 2009) (internal quotation marks omitted) (quoting *Your Home Visiting Nurse Servs., Inc. v. Sec'y of Health and Hum. Servs.*, 132 F.3d 1135, 1141 (6th Cir. 1997)). "Finally, a petitioner must show that issuing the writ is otherwise 'appropriate under the circumstances.'" *In re King's Daughter's Health Sys.*, 31 F.4th at 526 (quoting *Cheney*, 542 U.S. at 381).

The Sixth Circuit considered a situation similar to that presented here in *Arya*, reviewing a district court's dismissal of a complaint seeking mandamus review of a denial of an application for adjustment of status. *Arya*, 345 F. App'x at 994. In the complaint, the plaintiffs "challenged the legal conclusions in USCIS's decision and the process by which it was reached . . . ." *Id.* The Sixth Circuit affirmed, holding that "any duty owed [the plaintiffs] by USCIS is neither clear nor nondiscretionary." *Id.* at 995. The Sixth Circuit continued, "By statute, it is explicitly the opposite—8 U.S.C. § 1255(a) says that an alien's status may be 'adjusted by the Attorney General, *in his discretion*.'" *Id.*

4

The Sixth Circuit's reasoning in *Arya* is dispositive here. Like the plaintiffs in *Arya*, Plaintiff's application for adjustment of status under Section 1255(a) was denied by USCIS; therefore, like in *Arya*, the denial was discretionary. *Id.* USCIS may have had a nondiscretionary duty to adjudicate Plaintiff's application, but it satisfied this duty when it rendered its decision denying the application. While Plaintiff may disagree with USCIS's decision, he has failed to allege that Defendants owe him a "clear and undisputable" nondiscretionary duty that they have failed to perform. *Arya* 345 F. App'x at 994 (quoting *Your Home Visiting Nurse Servs.*, 132 F.3d at 1141). "The existence of jurisdiction under [S]ection 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)). By failing to allege that Defendants owe a clear, undisputable, and nondiscretionary duty to Plaintiff, Plaintiff has failed to state a claim for mandamus, meaning that the Court lacks subject matter jurisdiction under Section 1361. Therefore, Count One of the Complaint is dismissed.

  **B.**  <u>**Count Two: Administrative Procedure Act**</u>

Defendants move to dismiss Count Two of the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because "8 U.S.C. § 1252(a)(2)(B)(i) deprives federal courts of subject matter jurisdiction over all judgments related to the denial of relief under §§ 1182(h), 1182(i), 1229b, 1229c, or 1255." (Defs.' Mot. Dismiss 11). Section 1252(a)(2)(B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>> (i) any judgment regarding the granting of relief under section . . . 1255 of this title . . . .

5

8 U.S.C. § 1255 creates the framework for the adjustment of status of nonimmigrants to permanent residents. Thus, USCIS's denial of Plaintiff's application for adjustment of status ostensibly falls within the scope of Section 1252(a)(2)(B)(i).

The Supreme Court recently adopted an expansive interpretation of Section 1252(a)(2)(B)(i), holding that the term "any" means that the statute "applies to judgments of whatever kind . . . ." *Patel v. Garland*, 596 U.S. 328, 338 (2022) (internal quotation marks omitted) (citation omitted). While *Patel* dealt with a denial of adjustment of status while the applicant was in removal proceedings and the instant case involves a denial of adjustment of status outside of the context of removal proceedings, courts faced with this question post-*Patel* have consistently held that Section 1252(a)(2)(B)(i) bars review of USCIS' denial of an application for adjustment of status in any context. *Id.* at 345 n.3; *see also, e.g.*, *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1027-29 (7th Cir. 2023) ("The plain text of 8 U.S.C. § 1252(a)(2)(B)(i) strips [the court] of jurisdiction to review USCIS's denial of an adjustment-of-status application."); *Badra v. Jaddou*, No. 22-22465-CIV-MARTINEZ-BECERRA, 2022 WL 4376331, at *1-2 (S.D. Fla. Sept. 22, 2022) (finding that the court lacked subject matter jurisdiction to review USCIS' decision to deny the plaintiffs' application for adjustment of status); *Boldt v. Jaddou*, No. 22-cv-2827, 2023 WL 355171, at *2-4 (N.D. Ill. Jan. 23, 2023) (applying *Patel* and dismissing for lack of subject matter jurisdiction a complaint seeking review of USCIS's denial of an application for adjustment of status); *Hatchet v. Mayorkas*, No. 3:20-cv-00693, 2023 WL 6392729, at *3 (M.D. Tenn. Sept. 29, 2023) ("Considering the Patel court's guidance, this Court reaches the same conclusion as myriad other district courts considering the question [plaintiff] raises in this case: 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of USCIS's adjustment of status determination." (citations omitted)).

Plaintiff seeks review of the USCIS's denial of his application for adjustment of status. (Compl. ¶ 14). As explained above, Section 1255 creates the framework for adjustment of status. Applying the Supreme Court's holding in *Patel*, and in accord with federal courts across the nation, Section 1252(a)(2)(B)(i) deprives this Court of subject matter jurisdiction to review USCIS's decision. Accordingly, Count Two of the Complaint is dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Oral Argument (DN 17) is **DENIED**.

2. Defendants' Motion to Dismiss (DN 7) is **GRANTED**, and the Complaint is **DISMISSED**.

3. Plaintiff's Motion for Leave (DN 10) and Amended Motion for Leave (DN 11) are **DENIED AS MOOT**.

4. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 29, 2023

cc: counsel of record.